# CASSANDRA DENT v SUGAR CANE GROWERS, et al.

## Case No. CL 89-8992 AG

Fifteenth Judicial Circuit, Palm Beach County

January 16, 1991

## OPINION OF THE COURT

STEPHEN A. RAPP, Circuit Judge.

### ORDER ON MOTION TO STRIKE JURY POOL

THIS CAUSE came on to be heard on Defendant Sugar Cane Growers Co-operative's Motion for Mistrial and/or to Strike Jury Pool. This motion involves the refusal of the Court to permit the Defendant to exercise a peremptory challenge on Mrs. Williams a U.S. Postal Service worker who is black. The Defendants challenged this juror, Plaintiff's counsel objected and the Court requested an explanation from defense counsel. The Court determined that the explanation offered was not satisfactory and disallowed the challenge. Defendants claim the only permissible remedy is to disallow the entire jury panel and start the voir dire process over again with a new panel.

The Court can not think of any good reason why this should be the only or even preferred remedy. The practical effect of such a rule would be to cause trial judges to think twice or three times before disallowing a racially motivated challenge. Obviously this is not the direction our Supreme Court is encouraging trial courts to take. Such an approach would defeat the purposes annunciated by the Supreme Court in *State v Neil* 457 So.2d 481 (Fla. 1984).

The Plaintiff is a minor child who was injured in a motor vehicle accident in the Pahokee area. The child is alleged to have suffered brain injuries which limit her physical and mental abilities. The parties filed and argued several pretrial motions during which it was revealed that the Defendants claim that the Plaintiff's lack of progress is not related to her injuries but rather because of her socioeconomic environment and her inherited abilities and disabilities. In other words Defendants intend to argue that Tafoya Dent's limitations are due to: the fact that her mother was not married to her father; that neither Tafoya's mother or father was successful, in a financial sense; and that both poor black people did poorly in school. Defendants claim that Tafoya would not have ever been more than a clerical worker or a fast food restaurant worker even without this injury. It is in this context that the Court viewed the challenge of Mrs. Williams, an elderly black woman. The Defendants stated reason for excusing Mrs. Williams was that she was the mother of eight children. However several other white ladies were also mothers of children and were not stricken by Defendant.

The Court is concerned with the rights of several persons in connection with this matter. The injured black Plaintiff has a right to an impartial jury as does the Defendant. The purpose of the peremptory challenge is to assist in the selection of an impartial jury. A black litigant is entitled to have prospective jurors not be challenged simply on the basis of their race.

But we are not necessarily solely or even primarily concerned with this Plaintiffs rights. We are equally concerned with Mrs. Williams' rights as a citizen summoned for jury duty. Mrs. Williams has a right not to be discriminated against because of her race. The Court has a duty to see to it that citizens are not discriminated against while in the courtroom. In disallowing the challenge the Court is protecting the rights of the prospective juror. That is why racially motivated challenges are to be disallowed even where the Plaintiff is not of a distinct racial minority.

To adopt Defendants argument that the only remedy is to discharge

111

the entire panel we must ignore the rights of the prospective juror who is being discriminated against. There may be circumstances when the voir dire is conducted in such a way or where the challenges are exercised in the presence of the jury panel where the only appropriate remedy would be to excuse the entire panel. However, no such circumstances exists in this case. In this case Mrs. Williams has a right to be treated like all other jurors. If we send back the entire panel we send back Mrs. Williams. The process of sending jury panels back could conceivably continue until the offending party obtained an all white jury panel. Obviously our Supreme Court did not intend such a result. The trial court must and does have some discretion in the conduct of voir dire.

Where the motion is denied.

**DONE AND ORDERED** at West Palm Beach, Palm Beach County, Florida, this 16th day of January, 1991.